IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARK TATUM,**<br>Individually And On Behalf Of All Others<br>Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>**JENKINSBURG RECYCLING, LLC,**<br><br>        Defendant. | Civil Action No. __5:11-cv-91__<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, Mark Tatum, by and through his undersigned counsel of record, and sets forth this Complaint for damages asserting claims arising under the Fair Labor Standards Act ("FLSA") for minimum wage and overtime compensation violations, retaliation, and other relief on the grounds set forth below:

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Plaintiff alleges tortious conduct, wrongs, and injury by Defendant originating from Plaintiff's employment with Defendant in Jackson, Georgia or Jenkinsburg, Georgia located in Butts County where Defendant has an office and transacts business.

## **PARTIES**

3.

Plaintiff, Mark Tatum ("Mr. Tatum" or "Plaintiff") is a former employee of Defendant, Jenkinsburg Recycling, Inc. ("JRI"), which does business in Jackson, Georgia and/or Jenkinsburg, Georgia and had day to day management responsibilities over Plaintiff, supervised Plaintiff, and controlled the terms and conditions of Plaintiff's employment including Plaintiff's working hours, duties, and wages.

4.

Defendant JRI is a Georgia corporation and is licensed to do business in the State of Georgia. Defendant may be served with process by service by service upon its registered agent, Richard Nelson located at 3011 Rainbow Drive, Suite 104, Decatur, Georgia 30034.

5.

Defendant JRI is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as it is a person who acted directly and indirectly in the interests of an employer, in relation to Plaintiff, its employee, and controlled the terms and conditions of Plaintiff's employment on a day to day basis.

## **FACTUAL ALLEGATIONS**

6.

This action is brought by Plaintiff, Mr. Tatum, a former employee of JRI for violations of the FLSA, 29 U.S.C. § 201 *et. seq.*, as amended, based upon Defendant's failure to properly compensate Plaintiff for time worked, including failure to pay Plaintiff minimum wage and overtime wages earned by Plaintiff.

7.

Plaintiff was an employee of JRI engaged in an industry effecting commerce as Plaintiff was employed by Defendant as a laborer.

8.

Defendant JRI is an enterprise engaged in commerce as it was and, under information and belief, is, engaged in a business which gainfully employs employees engaged in the production of goods for commerce, handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.

Upon information and belief, Defendant JRI is an enterprise whose annual gross volume of sales made or business done is not less than Five Hundred Thousand Dollars ($500,000.00)(exclusive of excise taxes at the retail level that are separately stated).

10.

Upon information and belief, Defendant JRI is individually engaged in interstate commerce, the production of goods for interstate commerce, or an activity that is closely related and directly essential to the production of such goods.

11.

Plaintiff became employed with JRI on or around October 2010.  His employment was terminated in or around approximately January, 2011.

12.

Plaintiff's job title was laborer.  Plaintiff was responsible for loading trucks, and sorting metals, among other tasks.  Plaintiff was not employed by Defendant as a bona fide executive.  Nor was Plaintiff employed in an administrative, professional, or outside salesman capacity.

13.

From the time Plaintiff commenced work for Defendant until his termination, Plaintiff worked 6 days per week.  From Monday through Friday, Plaintiff worked from 8:00am until between 5:00 and 5:30pm.  Plaintiff rarely received a lunch break.  On Saturdays, Plaintiff worked from 8:00am until 12:00pm.

14.

Plaintiff worked approximately fifty (50) hours per week for each full week that he was employed with Defendant.  Defendant paid Plaintiff Three Hundred Twenty Dollars for each approximately fifty (50) hour workweek Plaintiff worked.

15.

Although, Plaintiff worked in excess of forty (40) hours per week, throughout the time that Plaintiff was employed by JRI, Plaintiff never received overtime pay.

16.

Sometime in or around December 2010, Plaintiff confronted his manager about not making minimum wage.

17.

Sometime on or around January 20, 2010, Plaintiff spoke with his manager again.  Plaintiff told his manager that he was working approximately fifty (50) hours per week, was making under minimum wage, and was not being paid overtime.  In response Plaintiff was fired.  He was told to leave the property and the door was slammed behind him.

18.

After complaining to his manager, Plaintiff was terminated. To date, Plaintiff has not received a termination notice.

## **CLAIM FOR RELIEF**

## **COUNT ONE: VIOLATION OF 29 U.C.S. § 206 AND 215: MINIMUM WAGE VIOLATION**

19.

Plaintiff incorporates by reference paragraphs 1-18 of this Complaint as if fully set forth verbatim herein.

20.

Plaintiff worked approximately fifty (50) hours per week for Defendant JRI. Defendant compensated Plaintiff Three Hundred Twenty Dollars ($320.00) per week. Defendant compensated Plaintiff approximately $6.40 per hour.

21.

Pursuant to 29 U.S.C. § 206(a)(1)(c), Defendant was required to compensate Plaintiff not less than $7.25 per hour Plaintiff worked.

22.

Defendant failed to compensate Plaintiff not less than $7.25 per hour.

23.

When Plaintiff informed Defendant that he was being compensated less than $7.25 per hour, Defendant did nothing. Defendant's failure to compensate Plaintiff not less than $7.25 per hour gives rise to a cause of action by Plaintiff for violations of 29 U.S.C. 206(a)(1)(c) in the

amount of his unpaid minimum wages, as the case may be, and in an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of bringing this action.

## COUNT TWO VIOLATIONS OF 29 U.S.C. § 207 AND 215: OVERTIME COMPENSATION

24.

Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth verbatim herein.

25.

Each full week Plaintiff was employed by Defendant, Plaintiff worked in excess of forty (40) hours per week.  Defendant failed to compensate Plaintiff for hours worked in excess of forty (40) per week at a rate not less than one and one-half times the regular rate at which Plaintiff was employed as required under FLSA.

26.

Defendant intentionally and willfully failed to compensate Plaintiff for time actually worked in excess of forty (40) hours per week at a rate not less than one and one half times the regular rate at which Plaintiff was employed.

27.

Defendant's willful failure to comply with FLSA's overtime requirements gives rise to a claim for relief for Plaintiff in the amount of his unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages, reasonable attorney's fees and costs of bringing this action.

## COUNT THREE: VIOLATION OF 29 U.S.C. § 215: RETALIATION

28.

Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as if fully set forth verbatim herein:

29.

Plaintiff complained to Defendant about not being paid minimum wage and not being compensated for hours worked in excess of forty (40) per week at a rate not less than one and one half times the regular rate at which Plaintiff was employed.

30.

In response to Plaintiff's complaint to Defendant about its FLSA violations, Defendant discharged Plaintiff from its employ. Defendant's retaliation against Plaintiff for his complaints of FLSA violations gives rise to Plaintiff's cause of action for violations of 29 U.C.S. § 215(a)(3) in payment of wages lost, an additional equal amount as liquidated damages, reasonable attorney's fees, compensatory and punitive damages, and costs of bringing this action. Wherefore, Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA class action under 29 U.S.C. §216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding Defendant as an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiff, and the class he represents, was covered by the provisions of the FLSA and that Defendant has failed to comply with the

requirements of the FLSA;

(f) Award Plaintiff and each member of the class he represents payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due Plaintiff and each class member, as required by the FLSA;

(h) Award Plaintiff and each member of the class he represents prejudgment interest on all amounts owed;

(i) Award Plaintiff and each member of the class he represents their reasonable attorney's fees and costs;

(j) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 8th day of March, 2011.

                                                J. STEPHEN MIXON, ESQ.

MILLAR & MIXON, LLC                        Georgia Bar No.514050
108 Williamson Mill Road
Jonesboro, GA 30236
(770) 955-0100         Telephone
(678) 669-2037         Facsimile
steve@mixon-law.com

ATTORNEY FOR PLAINTIFF